**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 09-cv-02194-WYD-BNB

JOSEHPH KING,
ISAAC SLADE,
DAVID WELSH, and
BENAMIN WYSOCKI, p/k/a, The FRAY

      Plaintiffs,

v.

GREGG LATTERMAN and
GREGG ALAN CORP,

      Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information as permitted by Rule 26(c) of the Rules of Civil Procedure as it relates to discovery in this case, IT IS ORDERED:

      1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.     As used in this Protective Order, "document" is defined as provided in F.R.C.P 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law, proprietary or privacy interests of confidential

information and shall not be disclosed or used for any purpose except the preparation and trial of this case. The Parties shall make CONFIDENTIAL designations only with respect to non public information which the designating party reasonably and in good faith believes is private, confidential, proprietary, competitively sensitive, or contains one or more trade secrets or privileged information.

  4. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") shall not, without the consent of the *party producing it* or further Order of the Court, be disclosed *except that* such information may be disclosed to:

  (a) attorneys actively working on this case;

  (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for    trial, at trial, or at other proceedings in this case;

  (c) the parties, including their agents;

  (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  (e) the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents, witnesses, or potential witnesses;

  (h) other persons by written agreement of the parties; and

      (i)    any other person that, upon motion by a party, the Court authorizes;

All persons who obtain Confidential Material shall keep such material in a manner to preserve its confidentiality and to prevent all persons, other than those provided access pursuant to this Order, from having access to or obtaining disclosure of it.  If, at any time, any such material is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have the authority to require the production of such material, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel herein for all parties.  After receipt of the notice specified under this Paragraph, any person may seek any order it believes necessary to prevent disclosure Confidential Materials.  The person to whom the referenced subpoena or other request is directed shall not produce any Confidential Material unless and until served with an appropriate order issued by a court of competent jurisdiction requiring such disclosure notwithstanding the provisions of this Order.

    Furthermore, nothing in this Order shall prohibit the Parties from disclosing their own documents that they had in their possession or control.  The restrictions against disclosure set forth in this Confidentiality Order shall not apply to material or information which:

    a.    prior to disclosure in this Action is in the possession or knowledge of a person receiving disclosure, provided that such information is not subject to obligations as to confidence;

    b.    at any time is independently developed by a Party, Witness or counsel without use or reliance upon any Confidential Material;

3

   c. is rightfully acquired by any Party, Witness or counsel without restriction as to use or obligation as to confidentiality;

   d. is made publicly available by the Party or Witness claiming Confidentiality or is otherwise available to the public; or

   e. is required by law to be made available without reservation with respect to confidentiality.

 5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 6. Documents and other information shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

 7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the

completion of the transcript.

8. The parties may designate certain highly CONFIDENTIAL information as "CONFIDENTIAL—ATTORNEYS EYES ONLY" (hereinafter, "Counsel-Only Material"), in the manner described in paragraphs 6 and 7, above. Information designated "CONFIDENTIAL—ATTORNEYS EYES ONLY" shall be information that, if known or divulged to other parties, would tend to harm the competitive position of the producing party. Such designation shall not be used routinely.  Counsel-Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to experts who execute the written acknowledgement described in paragraph 5 above.  If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply, except where inconsistent with this paragraph.

9. If, after the exercise of due care, certain CONFIDENTIAL information or Counsel-Only Material is inadvertently not labeled as such by the producing party, the producing party may subsequently request of the receiving party that the receiving party accept substitute properly labeled copies and that the receiving party thereafter treat such materials and information as Confidential information or Counsel-Only Material, as the case may be, pursuant to this Order.  If the receiving party refuses such a request, then the producing party may file a motion with Court seeking an order directing the receiving party to treat the materials and information as Confidential information or Counsel-Only Material, as the case may be, pursuant to this Order.  If such a motion is made, the receiving party shall, until such time, if ever, as the motion is denied, treat the materials and information as Confidential information or Counsel-

5

Only Material, as the case may be, pursuant to this Order.

10. If CONFIDENTIAL and/or Counsel-Only Material is included in any papers to be filed with the Court, such papers shall be filed in ~~a sealed envelope clearly labeled "CONFIDENTIAL—DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court, pursuant to and in~~ accordance with **D.C.COPLOLCivR 7.2** ~~local rules and practice~~. In the event that Confidential Material is used in any court proceeding in this Action, it shall not lose its confidential status through such use. If any Party desires at trial or at a hearing to offer into evidence Confidential Material, or to use the same in a way such as to reveal its nature or contents, such offers or use shall be made **as the court may allow** ~~only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Material which may include offering the Confidential Material outside the presence of persons other than Court personnel and counsel.~~

11. If one party challenges the designation of material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the Parties shall confer and if they do not agree after the conferral, within 15 days from the date of the conference the party that designated the material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY must file a motion for a protective order or have the material lose its confidential status. The party that designated the material as CONDFIDENTIAL OR CONFIDENTIAL—ATTORNEYS EYES ONLY bears the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY. The disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, as the case may be, under the terms of this Protective Order until the Court rules on the

motion. ~~Upon the filing of a motion relating to this Protective Order, a forthwith hearing will be scheduled~~.

12.     This Order shall survive the final disposition of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material.  Within sixty days of the termination of the Action, all Confidential Material (including copies thereof) shall be returned to counsel for the producing Parties and Witnesses or such Confidential Material (and all copies thereof) shall be destroyed.  Notwithstanding the foregoing, counsel shall be entitled to retain all material which constitutes work product and such memoranda or pleadings embodying Confidential Materials to the extent necessary to preserve a file in this case, so long as the materials are maintained in accordance with the provisions herein.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**APPROVED AS TO FORM:**
Ryan C. Carson
TAYLOR/ANDERSON, LLC
1331 17th Street, Ste 1050
Denver, CO 80202
Telephone:     303-551-6654
Fax:           720-473-5980
E-mail:        rcarson@talawfirm.com
**ATTORNEY FOR PLAINTIFFS**

Lawrence G. Katz, #32724
JACOBS CHASE FRICK KLEINKOPF & KELLEY LLC
1050 17th St., Ste 1500
Denver, CO 80265
Telephone:     303-685-4800
Fax:           303-685-4869
E-mail:        lkatz@jcfkk.com
**ATTORNEY FOR DEFENDANTS**

{00260709.DOC}

Dated January 29, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

8

{00260709.DOC}

9

**ACKNOWLEDGMENT**

By my signature, I hereby acknowledge that I have read the Protective Order, that I understand the Protective Order, and that I hereby agree to be bound by the terms of said Protective Order.

_____          _____
Signature                                Date

{00260709.DOC}