IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02194-WYD-BNB

JOSEPH KING,
ISAAC SLADE,
DAVID WELSH and
BENJAMIN WYSOCKI, p/k/a The FRAY

    Plaintiffs,

v.

GREGG LATTERMAN and
GREGG ALAN CORP

    Defendants.

---

### DEFENDANTS' DESIGNATION OF NON-PARTY AT FAULT

---

    Defendants hereby give notice, pursuant to C.R.S. §13-21-111.5 that a non-party to this action was wholly or partially negligent or at fault in causing Plaintiffs' alleged losses, injuries or damages, as follows:

    Plaintiffs contend that their manager, Defendant GAC, failed to sufficiently disclose the details of an agreement that GAC had with a music publishing company, EMI. It is undisputed that prior to Plaintiffs Isaac Slade and Joseph King entering into a publishing agreement with EMI, the attorney for The Fray, J. Reid Hunter, as well as Plaintiff Joseph King, were informed in words or substance that Defendant had an agreement with EMI whereby Defendant had an economic interest in Slade and King signing a publishing agreement with EMI.

    Mr. Latterman made the disclosure about GAC's agreement with EMI so that Mr. Hunter (and the band that he represented) would know that Mr. Latterman had a potential conflict of interest with respect to any potential publishing transaction. Mr. Latterman expressly disclosed in words or substance that GAC had an existing deal with EMI under which Latterman through GAC received advances from EMI, as well as a share of EMI's publishing for artists that GAC introduced to EMI if those artists signed publishing agreements with EMI, but that GAC was currently un-recouped.

    Prior to the commencement of negotiations between Plaintiffs King and Slade, on the one hand, and EMI, on the other hand, Mr. Hunter was informed that GAC had an agreement with

{00264393.DOC}

**EXHIBIT A**

EMI.  At the outset of the negotiations of the publishing agreement between Plaintiffs King and Slade, on the one hand, and EMI on the other hand, Mr. Hunter, who was representing and advising King and Slade in their negotiation of a publishing agreement, was reminded by Mr. Latterman and understood that Mr. Latterman/GAC had a potential conflict of interest arising out of the agreement between EMI and GAC for the reasons described above.  Mr. Hunter, however, failed to ask any specific questions about GAC's arrangement with EMI, and failed to ask for a copy of the agreement.  Mr. Hunter says he failed to ask additional questions of Mr. Latterman because he felt it was "a difficult proposition when one is a new lawyer in the relationship to go grilling the manager on the first day."  Mr. Hunter did know that Mr. King was having a conversation with Mr. Latterman about GAC's agreement with EMI, and yet "did not provide Mr. King any advice or direction as to what kind of questions he should ask Mr. Latterman." Moreover, at no time prior to the execution of the publishing agreement with EMI did Mr. Hunter advise Mr. King or any other member of The Fray that the specific financial details of GAC's deal with EMI were or could become material to considerations as to whether any member of The Fray should sign a publishing deal with EMI.

Instead, Mr. Hunter merely relied on his client, Mr. Joe King to have a discussion about the potential conflict with Mr. Latterman.  Mr. Latterman disclosed what he believed to be material about his agreement with EMI to Mr. Hunter (and Mr. King) for the express purpose of informing his clients and clients' lawyer about the existence of a potential conflict of interest. Mr. Latterman would have answered additional questions posed by Mr. Hunter, Mr. King or any other member of The Fray if any of them had indicated to him that they wanted additional information, or that further details would be material to their consideration regarding signing a publishing agreement with EMI.  Mr. Hunter, as The Fray's attorney, had a legal obligation to look out for Slade and King and the Band's interests, especially in a situation where the manager had disclosed the existence of a potential conflict.

Furthermore, Mr. Hunter claims that another publishing company, Sony ATV, was considering entering into a publishing agreement with King and Slade.  Mr. Hunter, who was hired to advise the Plaintiffs regarding a publishing agreement, was the lead negotiator for King and Slade regarding a publishing agreement, and who knew that GAC had a potential conflict of interest with EMI, did not communicate with Sony ATV about its alleged offer, and instead advised the Plaintiffs to enter into the publishing agreement with EMI.

Latterman and GAC contend that they made the necessary disclosure to both Plaintiffs and their attorney, Mr. Hunter, and that the Defendants caused Plaintiffs no damages.  However, to whatever extent The Fray now claims that they have been damaged because Mr. Latterman allegedly did not disclose all material terms of GAC's agreement with EMI, and that the Plaintiffs entered into a publishing agreement with EMI instead of Sony ATV, the fault lies not with Mr. Latterman, who would have been willing to answer additional questions and who had put both Mr. Hunter and Mr. King on notice of GAC's agreement with EMI, but with Mr. Hunter, who failed in his duty to protect his clients' interests by failing to inquire about the specifics and failing to follow up at all with his clients regarding the potential conflict and by failing to follow up with Sony ATV about the alleged publishing offer.

DATED:  March 31, 2010.

        Respectfully submitted,

        *s/ Lawrence Katz*
        Lawrence G. Katz, #32724
        N. Reid Neureiter, #29747
        JACOBS CHASE FRICK KLEINKOPF & KELLEY LLC
        1050 17th Street, Ste 1500
        Denver, CO 80265
        Telephone:   303-685-4800
        Fax:   303-685-4869
        E-mail:   lkatz@jacobschase.com
                rneureiter@jacobschase.com

        Sandra A. Crawshaw-Sparks
        PROSKAUER ROSE LLP
        1585 Broadway
        New York, NY 10036
        Telephone:   212-969-3915
        Fax:   212-969-2900
        E-mail:   SCrawshaw@proskauer.com
        ATTORNEYS FOR DEFENDANTS

{00264393.DOC}

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing **DEFENDANTS' DESIGNATION OF NON-PARTY AT FAULT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John Roche           jroche@talawfirm.com
Ryan C. Carson       rcarson@talawfirm.com
Kyle Seedorf         kseedorf@talawfirm.com
TAYLOR/ANDERSON, LLC
1331 17th Street, Ste 1050
Denver, CO 80202
303-551-6654
720-473-5980 (fax)

Robert L. Sullivan   rsullivan@loeb.com
LOEB & LOEB LLP
1906 Acklen Avenue
Nashville, TN 37212
615-749-8300
615-676-5189 (fax)

                                        *s/ Lawrence G. Katz*
Lawrence G. Katz, #32724
N. Reid Neureiter, #29747
JACOBS CHASE FRICK KLEINKOPF & KELLEY LLC
1050 17th Street, Ste 1500
Denver, CO 80265
Telephone:   303-685-4800
Fax:         303-685-4869
E-mail:      lkatz@jacobschase.com
             rneureiter@jacobschase.com
ATTORNEYS FOR DEFENDANTS

4