IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02194-WYD-BNB

JOSEPH KING, ISAAC SLADE,
DAVID WELSH, and
BENJAMIN WYSOCKI, p/k/a THE FRAY

              Plaintiffs,

v.

GREGG LATTERMAN and GREGG
ALAN CORP

              Defendants.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO
FILE NOTICE OF DESIGNATION OF NON-PARTY AT FAULT AND
ALTERNATIVE MOTION TO STRIKE NON-PARTY DESIGNATION**

---

Plaintiffs Joseph King, Isaac Slade, David Welsh, and Benjamin Wysocki, p/k/a The Fray hereby respond and oppose Defendants' Motion for Leave to file Notice of Designation of Non-Party at Fault and also, in the alternative, Move to Strike Defendants' Non-Party Designation. Defendants should not be granted leave to designate a non-party more than *four months* after the designation was initially due. Case law is clear that the ability to designate non-parties should be *strictly construed* and Defendants have failed to establish that an extension of time is necessary. Moreover, the non-party designation fails to set forth a *prima facie* case of negligence or fault, especially a duty of care, and it should be stricken.

## INTRODUCTION

This case is simple.  Plaintiffs allege that their former manager, Defendant Gregg Latterman, failed to disclose material facts and/or made fraudulent misrepresentations concerning a conflict of interest he had with a publishing company known as Entertainment World, Inc. ("EMI").  In an effort to escape and/or minimize his independent duty of care, Mr. Latterman now argues that even if he failed to "disclose all material terms of [Defendants'] agreement with EMI," the fault lies "not with Mr. Latterman," but instead with the Plaintiffs' attorney Reid Hunter who allegedly failed to "inquire about the specifics" of the conflict of interest.  Mr. Latterman is now attempting to designate Mr. Hunter as a non-party at fault.  Not only is the designation untimely, it is improper.  Mr. Latterman owed an independent fiduciary duty to disclose all material facts, regardless of what the Plaintiffs' attorney did or did not do.  Because the claims asserted against Mr. Latterman in this case cannot be asserted against Mr. Hunter, the designation is improper and should be stricken.

## ARGUMENT

### A.   DEFENDANTS HAVE FAILED TO SHOW THAT AN ENLARGEMENT OF TIME TO DESIGNATE A NON-PARTY IS NECESSARY

Non-party designations in Colorado are governed by C.R.S. § 13-21-111.5, which requires, in relevant part, that a defending party must invoke its protections by giving notice that "a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary."  *See Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993) (finding that Colorado state law is applicable to the timeliness and adequacy of notice).  It is well established that "[c]ourts should construe designation

requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001); *see also Jenkins v. FMC Techs., Inc.*, 2009 U.S. Dist. LEXIS 48068, *3 (D. Colo., May 28, 2009), attached as Exhibit A. The Colorado Supreme Court has identified three factors to consider in determining whether to extend the 90-day period: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations. *Redden*, 38 P.3d at 84; *see also Daugherty v. Bissell*, 2009 U.S. Dist. LEXIS 85807, *4-*5 (D. Colo., Sept. 1, 2009), attached as Exhibit B.

Plaintiffs brought this action on September 14, 2009. The deadline for Defendants to designate a non-party at fault under the statute was therefore December 14, 2009, more than four months ago. It is undisputed that Defendants did not satisfy that deadline and failed to timely designate a non-party. Now, Defendants seek an enlargement of time, but make no effort to demonstrate that the three factors referenced above have been satisfied, which they have not for the following reasons:

### 1.   Defendants Cannot Show Excusable Neglect

Defendants fail to adequately explain why they waited more than seven months after the initial complaint was filed to designate Mr. Hunter as a non-party at fault. *See Daugherty*, 2009 U.S. Dist. LEXIS 85807, *2, Exhibit B (this court declined to extend the non-party deadline because the moving party failed to adequately explain when the information became available and why an enlargement of time to make a non-party designation was necessary). Defendants here simply argue that Mr. Hunter was not deposed until March 12, 2010, *which was still more than one month ago*, and that they

were essentially unaware of what Mr. Hunter knew or did not know prior to that deposition and that it would have been "premature and unfair to designate Mr. Hunter as a non-party at fault in this action." This argument is a red herring and incorrect.

The information that was allegedly obtained during Mr. Hunter's deposition was information that came directly from Mr. Latterman himself and had been uniquely in his possession well before the lawsuit was even filed.   In particular, the entire basis of Defendants' non-party at fault theory is that Mr. Hunter, as the Plaintiffs' attorney, should have asked more questions of Mr. Latterman and should have conducted a more extensive inquiry into Mr. Latterman's admitted conflict of interest with EMI. Defendants go so far as to argue that Mr. Hunter should have requested a copy of a contract that Mr. Latterman should have *automatically* disclosed. But, as the only source of information regarding his own conflict of interest, Mr. Latterman knew what questions Mr. Hunter did or did not ask him and what inquiry Mr. Hunter did or did not make long ago.

Mr. Hunter repeatedly testified in his deposition that all of the information he received concerning Mr. Latterman's admitted conflict of interest came from Mr. Latterman himself. *See* Deposition of Reid Hunter ("Hunter Tr."), March 12, 2010, attached as Exhibit C, at pp.  51:2-52:10 (Mr. Hunter was asked *what Mr. Latterman told him* about his relationship with EMI); 147:15-151:7 (Mr. Hunter was asked again as to *what Mr. Latterman said*); 154:3-16 (Mr. Hunter was asked if he had any *"follow-up conversations with Mr. Latterman"*); 191:12-192:7 (emphasis added) (Mr. Hunter was asked whether he requested additional "specific details" *from Mr. Latterman* and he

responded "I understood the specific details to have been relayed to me").[1]   Accordingly,

the *only* information gleaned during Mr. Hunter's deposition was information that came

directly from Mr. Latterman, which would of course be information Mr. Latterman

already had.   There was therefore no reason why Defendants waited four months after the

designation deadline to name Mr. Hunter as a non-party at fault.

Moreover, Defendants' own Answer to Plaintiff's Complaint and Counterclaims,

filed with this Court on December 7, 2009, demonstrates that Defendants were well

aware of Mr. Hunter's role as counsel and of their "theory" that he should have somehow

done more to inquire into Mr. Latterman's admitted conflict of interest.   Therein,

Defendants specifically alleged the following:

> As Plaintiffs acknowledge in their Complaint, they and Hunter knew that
> GAC had an agreement with EMI and potentially stood to gain if
> Plaintiff's signed an agreement with EMI.   Nevertheless, GAC, through
> Latterman, urged King and Slade to accept the 'best deal offered'
> regardless of whether it was made by EMI or another publisher.   The
> negotiations of the prospective publishing agreements were at all times led
> by Hunter, the independent attorney for King and Slade, and at no time did
> GAC or Latterman interfere with Hunter's advice and counsel to King and
> Slade.

*See* Defendants Gregg Latterman and Gregg Allan Corp's Answer to Plaintiff's

Complaint and Counterclaims, dated December 7, 2009, Docket No. 12.   Based upon this

allegation, and Mr. Latterman's own knowledge reflected therein, there was again no

legitimate reason as to why Defendants waited to name Mr. Hunter as a non-party at

fault.   This allegation in Defendants' counterclaim was made *before* the non-party

designation deadline expired more than four months ago.

---

[1] The Deposition of Reid Hunter has been designated as Confidential pursuant to the parties'
protective order, entered on January 29, 2010, Docket No. 34.

Because the Defendants have not adequately explained why they waited so long to file their non-party designation and, more importantly, because the information providing the basis of the non-party designation was known to the Defendants well before the designation deadline, Defendants have not shown excusable neglect and their request to enlarge the time to designate non-parties should be denied.

2.   **Defendants Have Failed To Establish A Meritorious Defense Or Claim**

   **a. The Non-Party At Fault Statute Is Inapplicable Here**

Defendants cannot rely on the non-party at fault statute in this case because all of the damages realized by Plaintiffs arise from a contractual relationship between Plaintiffs and Latterman to which Mr. Hunter was not a party. *See Cherry Creek Mortgage Co. v. Chiu,* 2008 U.S. Dist. LEXIS 104426, *8 (D. Colo. Dec. 11, 2008), attached as Exhibit D.

   *Cherry Creek* is instructive.  There, Plaintiff Cherry Creek sued the defendants for breach of promissory note, money had and received, and unjust enrichment. *Id.* at *2. Defendants attempted to name non-parties at fault who had persuaded the defendants to buy the property at issue, recommended the lender, and made an allegedly faulty appraisal of the property. *Id.* at *3.  The Court struck the designations, holding that the Non-Party at Fault statute cannot be "used to apportion damages when the claims brought are not, by definition, tortious acts, but the alleged wrongdoing committed by the designated nonparties is a tortious act," where a "tortious act" means more than traditional torts, but still requires "tortious conduct." *Id.* at *8-9.

   Because the purported non-party designees were not a party to the underlying contractual relationship (a loan), the *Cherry Creek* Court went on to hold that "neither a co-defendant nor a designated non-party at fault can be apportioned damages arising out

of a claim that could not, in the first instance, have been asserted against it as a defendant." *Id.* at *10. Because "[n]one of the nonparties designated by [the plaintiffs] were parties to the promissory note at the heart of the breach of contract claim and none could be added as defendants by the plaintiff on the contract and equitable claims charged in the Complaint." *Id.*

Like in *Cherry Creek,* non-party Mr. Hunter was not a party to the contract underlying Plaintiffs' claims against Mr. Latterman (e.g., the contractual management relationship which gave rise to Mr. Latterman's independent fiduciary duty). Any potential claim against Mr. Hunter would only arise from his duty as Plaintiffs' attorney, and, theoretically, would be a completely separate and distinct claim for legal malpractice. Since Mr. Hunter could not be on the hook for violating duties uniquely owed to Plaintiffs by Mr. Latterman, it would be improper to designate Mr. Hunter as a non-party at fault.

In an effort to designate Mr. Hunter as a non-party at fault, Defendants apparently confuse the purpose of the non-party at fault statute with a simple defense to this case. *See, e.g., Redden,* 38 P.3d at 81 ("When a court does not believe a defendant has established a legal culpability against an alleged non-party, the designation is properly disallowed. On the other hand, a defendant may always attempt to interpose a complete defense that his acts or omissions were not the cause of the plaintiff's injuries"). Defendants' defense in this case is that Mr. Latterman made a proper disclosure to Plaintiff King and Mr. Hunter regarding his deal with EMI, thus discharging his duty as the band's fiduciary. Defendants do not need a non-party designation, nor are they entitled to one, to make this argument.

There is no middle ground as Defendants would have this court believe. Either Mr. Latterman discharged his duty of candor as a fiduciary by telling Mr. King and/or Mr. Hunter enough information about his EMI deal or he did not. If this court or a jury were to find that Mr. Latterman provided Mr. Hunter enough information (regardless of whether or not Mr. Hunter asked follow-up questions), then Mr. Latterman will not be liable for Plaintiffs' damages. If he did not provide enough information, then he will be liable. Either way, none of the fault for Mr. Latterman's alleged violations can lie with Mr. Hunter, and his non-party designation is thus improper.

### b. Defendants Cannot Show That Mr. Hunter Would Be Liable Under The Non-Party At Fault Statute

Even assuming that the non-party at fault statute is applicable, Mr. Latterman had absolute duties of loyalty and candor to Plaintiffs, and his failure to inform Plaintiffs (or their attorney Mr. Hunter) of his deal with EMI was an unequivocal breach of those duties. Again, what Mr. Hunter did or did not do is completely irrelevant.

As a fiduciary to Plaintiffs, Mr. Latterman had a duty to provide material information to his principals. *See, e.g.,* Restatement (Third) of Agency § 8.01 (2006). He further had a "duty to act with utmost good faith and loyalty in all dealings with" Plaintiffs, and "part and parcel of this duty is the requirement that [Mr. Latterman made] a full and complete disclosure of *all* facts relative to the subject of his agency which it may be material to the principal to know." *Moore & Co. v. T-A-L-L, Inc.,* 792 P.2d 794, 798-99 (Colo. 1990) (quoting *McKinney v. Christmas,* 353 P.2d 373 (Colo. 1960)) (emphasis added). It is especially important that an agent disclose information when that information is not otherwise available to the principals. *See, e.g., Capital Bank v. MVB, Inc.,* 644 So.2d 515, 521 (Fl. Dist. Ct. App. 1994).

Defendants would have this Court believe that Mr. Hunter's "failure" to ask additional questions of Mr. Latterman about his deal with EMI actually caused the Plaintiffs' injury. This is not a proper reading of the law. Mr. Latterman's duty of disclosure was absolute. "It is well established that a person can breach a fiduciary duty by failing to disclose material information, even if not asked." *de la Fuente v. F.D.I.C.* 332 F.3d 1208, 1222 (9th Cir. 2003); *see also, c.f. Moore & Co.,* 792 P.2d at 799 ("it has long been the law in this state that the broker's concealment from the principal of information that bears upon the transaction in question will defeat the broker's claim for compensation").

Defendants further confuse the standard governing Mr. Latterman's duty to disclose by stating that Mr. Latterman "disclosed what he believed to be material about his agreement with EMI to Mr. Hunter (and Mr. King)." (Designation at 2). Of course, Mr. Latterman's duty was to objectively disclose *all* information, not just what he, in his sole discretion, believed to be material. In fact, Mr. Hunter has testified in this case that until the details of Mr. Latterman's deal with EMI were discovered during an audit of EMI, he believed that Mr. Latterman "had a little finder's fee with EMI," the type of deal in the music industry of which Mr. Hunter has seen "quite a few," that "involve some small percentage on the front end and sometimes based on an advance that the artist or the writers get." Hunter Tr. at 51:17-52:10, Exhibit C. Clearly, whatever Mr. Latterman actually disclosed to Mr. Hunter was not enough to inform Mr. Hunter of the true nature of Mr. Latterman's EMI deal.[2]

---

[2] Of course, all Mr. Latterman needed to do to discharge his duties of loyalty and candor was simply turn over to Mr. Hunter a copy of his agreement with EMI, which he did not do.

Because the Defendants have failed to show that they have a meritorious defense or claim under the non-party statute, there is no reason for this Court to enlarge the time to designate a non-party at fault.

### 3.   An Enlargement Of Time Would Not Be Consistent With Equitable Considerations

Equitable considerations also dictate that Defendants should not be granted leave for extra time to designate Mr. Hunter as a non-party at fault.  First, as detailed above, Mr. Latterman has first-person knowledge of what information he shared with Mr. Hunter regarding Mr. Latterman's EMI deal.  He was of course privy to any conversation between the two of them discussing the deal.  To the extent that Defendants claim prejudice, they have no one to blame but themselves.

Because Defendants have failed to show: (1) excusable neglect; (2) that they have raised a meritorious claim or defense; and (3) that they will be otherwise prejudiced, an enlargement of time to designate a non-party at fault is not necessary and the Court should deny the Defendants' request.

### B.   IN THE ALTERNATIVE, DEFENDANTS' NON-PARTY DESIGNATION SHOULD BE STRICKEN

Even if the Court permits Defendants leave to file a non-party designation out of time, which it should not, the non-party designation of Reid Hunter should be stricken as insufficient because Defendants again fail to show how Mr. Hunter could be found legally at fault.  *Redden,* 38 P.3d at 81 ("We recognize the designation statute requires only a 'brief' statement, but that statement must show the non-party can be found legally at fault.").  Not only do Defendants fail to make a *prima facie* showing that Mr. Hunter

can be found at fault, the facts and law make clear that they *cannot* make such a showing. As such, the non-party designation of Mr. Hunter cannot stand.

Here, Defendants do not spell out Mr. Hunter's duty to Plaintiffs and how Mr. Hunter allegedly violated that duty. Specifically, Plaintiffs need to demonstrate that Mr. Hunter's "conduct fell below the standard of care appropriate to the profession [e.g., as an attorney]." *Redden,* 38 P.3d at 80. "When a court does not believe a defendant has established legal culpability against an alleged non-party, the designation is properly disallowed." *Id.* Here, Defendants completely fail to set forth Mr. Hunter's alleged duty to Plaintiffs.

Defendants' failure to set forth Mr. Hunter's duty is even more troubling because Mr. Hunter is a licensed attorney. "With regard to legal malpractice claims and other claims related to an attorney's duties to the client, expert testimony generally is required to establish the standard of care." *Anstine v. Alexander,* 128 P.3d 249, 259 (Colo. App. 2006), *rev'd on other grounds.* In *Anstine,* the Court would not allow non-party attorneys to be designated under the relevant statute when "there was neither expert testimony nor any other evidence in the record to establish the standard of care applicable to nonparty attorneys. Therefore, the attorneys failed to establish a prima facie case of negligence." *Id.*

Not only have Defendants failed to make the required *prima facie* showing that Mr. Hunter can be found at fault in this matter (much less support the designation with any expert testimony or anything in the record to show legal malpractice), but the facts and relevant law make clear that, under no circumstance, can Mr. Hunter even be found liable in this case. As detailed more fully in Section A.2, *supra,* the harm and damages

alleged by Plaintiffs arise from a contractual relationship between Plaintiffs and Mr. Latterman, to which Mr. Hunter was not a party.  Finally, Mr. Latterman, as Plaintiffs' manager, owed an absolute duty of loyalty, and thus, candor, to Plaintiffs.  Mr. Latterman failed to act pursuant to that duty, and he alone must bear the burden of that failure.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion for Leave to File Notice of Designation of Non-Party at Fault, or in the alternative, strike Defendants' Non-Party Designation at this time.

Dated this 21st day of April, 2010.

By: *s/ Ryan C. Carson*
Kyle Seedorf, Esq.
John Roche, Esq.
Ryan C. Carson, Esq.
Taylor|Anderson, L.L.C.
1331 Seventeenth Street, Suite 1050
Denver, CO 80202
Phone: 303-551-6654
Facsimile: 720-473-5980
Email: rcarson@talawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of April, 2010, a true and correct copy of the above and foregoing was transmitted via the ECF/CM filing, addressed to the following:

Sandra Crawshaw-Sparks
ProSkauer Rose LLP
1585 Broadway
New York, NY 10036
Telephone:    212-969-3915
Fax:                212-969-2900
E-mail:         Scrawshaw@proskauer.com


Lawrence G. Katz
Jacobs Chase Frick Kleinkopf & Kelley LLC
1050 17th St., Suite 1500
Denver, CO 80265
Telephone:    303-685-4800
Fax:                303-685-4869
E-mail:         lkatz@jcfkk.com


Pam Zallis
U.S. Legal Support, Inc.
Manager Court Reporting Division
200 W. Jackson, Suite 600
Chicago, Illinois 60606
312-957-4553
Cell:             312-286-5478
Fax:                312-236-3344
pzallis@uslegalsuppport.com


*s/Diane Foster*