**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02194-WYD-BNB

**JOSEPH KING, ISAAC SLADE,
DAVID WELSH, and
BENJAMIN WYSOCKI, p/k/a THE FRAY**

        **Plaintiffs,**

 v.

**GREGG LATTERMAN and GREGG
ALAN CORP**

        **Defendants.**

---

PLAINTIFFS' REPLY IN SUPPORT OF ALTERNATIVE MOTION TO STRIKE
NON-PARTY DESIGNATION

---

Plaintiffs Joseph King, Isaac Slade, David Welsh, and Benjamin Wysocki, p/k/a The Fray hereby submit this Reply in Support of their Alternative Motion to Strike Defendants' Non-Party Designation of Mr. Reid Hunter, and state as follows:[1]

**First**, Defendants do not dispute in their reply brief filed April 28, 2010, that their non-party designation of Mr. Reid Hunter, the Plaintiff's personal business attorney, is submitted significantly out of time. In an effort to bypass the strict construction requirements of Colorado's non-party at fault statute, Defendants argue that they wanted

---

[1] In a footnote in their reply brief, Defendants object to Plaintiffs' inclusion of an "Alternative Motion to Strike Non-Party Designation" in their response brief. Because Plaintiffs simply moved in the alternative and only if this Court permits Defendants to file their non-party designation out of time, Plaintiffs erred on the side of efficiency and included the alternative motion in one document. If necessary, Plaintiffs are happy to file a separate Motion to Strike Defendants' Non-Party Designation and will defer to the Court.

to first depose Mr. Hunter to somehow make doubly sure that he had not asked certain questions of Defendant Gregg Latterman and/or that he had not actually inquired further into Mr. Latterman's admitted conflict of interest with publishing company EMI. Simply stating this proposition demonstrates its fallacy. Defendant Gregg Latterman clearly knew what questions Mr. Hunter asked or didn't ask and what inquiry Mr. Hunter made or didn't make into his conflict of interest well before this lawsuit commenced on September 14, 2009. Mr. Latterman also knew that he had never provided Mr. Hunter nor the Plaintiffs with a copy of his separate and undisclosed agreement with EMI and that the Plaintiffs had not asked certain questions concerning his admitted conflict of interest. Defendants cannot now argue that they were unaware of what information *they* did or did not provide to Plaintiffs or their counsel until Reid Hunter's deposition on March 12, 2010. Because there is simply no legitimate reason for Defendants to have waited four months after the non-party deadline expired to designate a non-party, their request to file such a designation out of time should be denied.

**Second**, and even setting timeliness aside, the designation is improper and should be stricken because Defendants are merely asserting a defense that they did not cause the Plaintiffs' injuries, which "is not equivalent to the designation of a non-party because it cannot result in apportionment of liability, but rather is a complete defense if successful." *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001). Defendants' designation merely alleges a defense that Gregg Latterman provided sufficient disclosure to Plaintiffs and their counsel which in turn satisfied his independent fiduciary duty as the Plaintiffs' manager. In fact, on page 2 of their reply brief, Defendants provide a "factual background of this dispute" and state that "**in his defense**,

Latterman asserts that he informed both band leader Joe King and the band's attorney, Reid Hunter, of (i) the existence of his agreement with EMI, (ii) the fact that he was receiving advances, and (iii) the fact that if EMI signed any songwriters introduced by Latterman to EMI, Latterman would receive a portion of EMI's publisher's share…." (Emphasis added). That is the entire basis of Defendants' non-party designation. But, converting a mere defense to a non-party designation is not permitted because, as the Colorado Supreme Court held in *Redden*, "[o]ur statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." 38 P.3d at 80. Mr. Hunter cannot, under any circumstances, be at fault for Mr. Latterman's disclosure or non-disclosure of material information in this case. Mr. Hunter also cannot be at fault for Mr. Latterman's own breach of his independent fiduciary duty. There is, in other words, no way Mr. Hunter could have *caused* Mr. Latterman to disclose or fail to disclose certain information to Plaintiffs nor is there any way Mr. Hunter could have *caused* Mr. Latterman to breach or satisfy his independent fiduciary duty owed to Plaintiffs. *See id.* ("When a court does not believe a defendant has established legal culpability against an alleged non-party, the designation is properly disallowed").

For these same reasons, Defendants' designation is improper because the claims asserted by Plaintiffs against Defendants could not also be asserted against Mr. Hunter. This Court has specifically held that "[s]imply stated, neither a co-defendant *nor a designated non-party at fault* can be apportioned damages arising out of a claim that could not, in the first instance, have been asserted against it as a defendant." *Cherry Creek Mortgage Co. v. Chiu*, 2008 U.S. Dist. LEXIS 104426 *10 (Dec. 11, 2008)

(emphasis added), attached as Exhibit D to Plaintiff's Opposition, Docket No. 49. Applying this same logic here, Defendants appropriately admit that the breach of contract claim against Mr. Latterman could not also be asserted against Mr. Hunter and therefore could not provide a proper basis for a non-party designation. *See* Defendants' Reply at 12. Defendants then argue, however, that because Plaintiffs' fraud and breach of fiduciary duty claims sound in tort, they somehow can provide a basis for a non-party designation. Defendants then cite to *Doering v. Copper Mountain, Inc.*, 259 F.3rd 1202, 1215-16 (10th Cir. 2001) as support. But, that case involved pure negligence claims arising out of injuries to certain minors while sledding. The ski resort wanted to designate the mother as a non-party at fault for her failure to properly watch her children at the time they were injured. *See id.* This designation was proper because the same claim, i.e. general negligence, that was asserted against the ski resort could also be asserted against the mother for her actions. The claims in this case, however, are very different

Unlike a negligence claim, the claims asserted by Plaintiffs against Defendants here are unique. The two counts of fraud and two counts of fiduciary duty asserted against Defendants only exist because of the parties' contractual relationship *as expressly defined by the management agreement*. *See* Plaintiffs' Amended Complaint, Docket No. 30. In other words, Greg Latterman only owed a fiduciary duty to the Plaintiffs because he was, *by contract*, the Plaintiffs' manager. Likewise, Gregg Latterman is only guilty of fraud because, as the Plaintiffs' manager, he personally misrepresented or failed to disclose material facts to his clients that he was obligated to disclose by way of the management agreement. These same claims could not be asserted against Mr. Hunter,

who was the Plaintiffs' personal business attorney. Not only was Mr. Hunter never a party to the management agreement, he played an entirely different and independent role and owed completely different duties of care to the Plaintiffs as their counsel.

This Court in *Cherry Creek* recognized this very distinction. There, the Court used a bad faith breach of insurance contract claim as an example and held that "it would be incongruous for the jury to be instructed to apportion fault to a non-party independent medical examiner" where "the plaintiff seeks damages for [an] insurance company's bad faith refusal to pay benefits." 2008 U.S. Dist. LEXIS 104426 *6. Although a bad faith breach of insurance contract is a separate *tort claim*, it also arises out of contract. *See e.g. Johnson v. Liberty Mutual Fire Ins. Co.*, 653 F. Supp. 2d 1133, 1144 (D. Colo. 2009) (bad faith breach of insurance contract claim is "actionable in tort" but arises out of "the special relationship between the insurer and insured" which exists by virtue of the contract). Similarly here, Plaintiffs have asserted certain tort claims that arise exclusively from the parties' contracts which gave rise to a "special relationship" between them and Mr. Latterman. Without these contracts, Mr. Latterman could not breach any fiduciary duty, he would not have had an independent duty to disclose material information, and he could not have committed fraud. *See* Plaintiffs' Amended Complaint, Docket No. 30. Because these same tort claims could not also be asserted against Mr. Hunter, Defendants' non-party designation is improper and should not be allowed.

Dated this 3rd day of May, 2010.

By: *s/ Ryan C. Carson* _____
John Roche, Esq.
Ryan C. Carson, Esq.
Kyle Seedorf, Esq.
Taylor|Anderson, L.L.C.
1331 Seventeenth Street, Suite 1050
Denver, CO 80202
Phone: 303-551-6654
Facsimile: 720-473-5980
Email: rcarson@talawfirm.com

Robert L. Sullivan, Esq.
Julie P. Samuels, Esq.
Loeb & Loeb LLP
1906 Acklen Avenue
Nashville, TN 37212
615.749.8300
615.676.5189 (fax)

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 3rd day of May, 2010, a true and correct copy of the above and foregoing was transmitted via the ECF/CM filing, addressed to the following:

Sandra Crawshaw-Sparks
ProSkauer Rose LLP
1585 Broadway
New York, NY 10036
Telephone:   212-969-3915
Fax:         212-969-2900
E-mail:      Scrawshaw@proskauer.com


Lawrence G. Katz
Jacobs Chase Frick Kleinkopf & Kelley LLC
1050 17th St., Suite 1500
Denver, CO 80265
Telephone:   303-685-4800
Fax:         303-685-4869
E-mail:      lkatz@jcfkk.com


Pam Zallis
U.S. Legal Support, Inc.
Manager Court Reporting Division
200 W. Jackson, Suite 600
Chicago, Illinois 60606
312-957-4553
Cell:        312-286-5478
Fax:         312-236-3344
pzallis@uslegalsuppport.com


*s/Diane Foster*